DJW/2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **TAMMY FANNING,** individually as heir | ) | |
| at law and as administrator of the estate | ) | |
| of **MICHAEL FANNING,** deceased, and | ) | |
| **PAUL FANNING, ASHLEY FANNING,** | ) | **CIVIL ACTION** |
| and **A.F.** as the children of | ) | |
| **MICHAEL FANNING,** deceased**,** | ) | |
| | ) | **Case No. 08-cv-2464-JWL-DJW** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SITTON MOTOR LINES, INC.,** and | ) | |
| **JAMES F. DUKE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Pending before the Court is Defendants' Motion for Protective Order (doc. 27).  Defendants move the Court to approve and enter the proposed protective order attached as Exhibit A to their Motion.  Plaintiffs oppose Defendants' Motion on the grounds that Defendants failed to confer with Plaintiffs before filing their Motion and that good cause does not exist for entry of a protective order.  For the reasons set forth below, the Court will deny Defendants' Motion without prejudice to refiling.

Defendants seek a protective order pursuant to Fed. R. Civ. P. 26(c).  Under Fed. R. Civ. P. 26(c)(1), the court may, for good cause shown, enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .."[1]  Any motion for a protective order under Fed. R. Civ. P. 26(c)(1) "must include a certification that the movant has in

---

[1] Fed. R. Civ. P. 26(c)(1).

good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action."[2]  In addition, D. Kan. Rule 37.2 provides in relevant part,

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.  Every certification required by Fed. R. Civ. P. 26(c) . . . and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute.[3]

D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[4]

Defendants claim that they attempted to confer in good faith with Plaintiffs before filing the Motion.   Defendants describe these efforts as follows:

> Attached as Exhibit A is a Protective Order, and said Protective Order has been submitted to adverse counsel soliciting their agreements rather than having an argument concerning this matter. In an effort to come to an agreement between counsel on a Protective Order, steps were taken to mitigate the issues prior to filing this motion. In addition to sending written communication, defense counsel made telephone calls to adverse counsel's office requesting a response, however, plaintiffs' counsel have not responded.[5]

However, Defendants do not describe what "steps" they took to mitigate the issues before they filed their Motion and they do not provide the Court with a copy of the "written communication" sent by

---

[2] *Id.*

[3] D. Kan. Rule 37.2.

[4] *Id.*

[5] Mot. for Protective Order (doc. 27) at ¶ 3.

Defendants' counsel to Plaintiffs' counsel.  In addition, Plaintiffs claim that their attorney is unaware of any telephone calls from Defendants' attorney.

The Court has reviewed Defendants' Motion and Plaintiffs' response to the Motion, and finds that Defendants failed to describe with sufficient particularity the parties' efforts to resolve this dispute before Defendants filed their Motion.  Consequently, the Court cannot conclude that Defendants complied with Fed. R. Civ. P. 26(c) and D. Kan. Rule 37.2 by in good faith conversing, conferring, comparing views, consulting and deliberating regarding this dispute, or in good faith attempting to do so.  Therefore, the Court will deny the Motion for failure to confer without prejudice to Defendants filing another motion for a protective order **within 20 days** of the date of the filing of this Order.

Before filing another motion for a protective order, Defendants must make reasonable efforts to confer with Plaintiffs regarding the proposed protective order.  This means that Defendants must do more than send a letter to Plaintiffs regarding the proposed protective order.  Defendants must in good faith converse, confer, and compare views with Plaintiffs in an attempt to reach an agreed protective order.  If the parties are able to reach an agreement regarding a proposed protective order, they may submit the proposed agreed protective order to the Court via e-mail **within 20 days** of the date of the filing of this Order.  If, however, the parties are unable to reach such an agreement, then **within 20 days** of the date of the filing of this Order, Defendants may file another motion for a protective order.  Any proposed protective order submitted to the court must comply with the court's guidelines for such protective orders, which can be found on the court's Internet website at http://www.ksd.uscourts.gov/.

3

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (doc. 27) is denied without prejudice to Defendants filing another motion for a protective order **within 20 days** of the date of the filing of this Order.  Before filing another motion for a protective order, Defendants must make reasonable efforts to confer with Plaintiffs and to develop an agreed protective order.  This means that Defendants must do more than send a letter to Plaintiffs regarding the proposed protective order.  Defendants must in good faith converse, confer, and compare views with Plaintiffs in an attempt to reach an agreed protective order.  **Within 20 days** of the date of the filing of this Order, the parties shall either submit the proposed agreed protective order to the Court via e-mail or Defendants may file another motion for a protective order.   Any proposed protective order submitted to the court must comply with the court's guidelines for such protective orders, which can be found on the court's Internet website at http://www.ksd.uscourts.gov/.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 8th day of June 2009.

s/David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties