DJW/2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**TAMMY FANNING,** individually as heir )
at law, and as administrator of the estate )
of **MICHAEL FANNING,** deceased, and )   **CIVIL ACTION**
**PAUL FANNING, ASHLEY FANNING,** )
and **A.F.** as the children of )
**MICHAEL FANNING,** deceased**,** )
                                   )   **Case No. 08-cv-2464-JWL-DJW**
                     **Plaintiffs,** )
                                   )
**v.**                             )
                                   )
**SITTON MOTOR LINES, INC.,** and )
**JAMES F. DUKE,** )
                                   )
                   **Defendants.** )

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' motion to compel (doc. 26). Defendants move the

Court to enter an order (1) correcting the Certificate of Service (doc. 20) concerning the

Interrogatories and Requests for Production served on Defendants and (2) compelling answers and

responses from Plaintiffs to Defendants' Interrogatories and Requests for Production. For the

reasons set forth below, the Motion is granted in part, denied in part, and found moot in part.

## I.    BACKGROUND

Plaintiffs, the surviving spouse and children of Michael Fanning, brought this wrongful death

action resulting from a collision between a tractor trailer and a pedestrian, Michael Fanning.

Plaintiffs allege that on September 26, 2006, Michael Fanning was walking northbound on the

shoulder of US 75 when he was struck from behind by a tractor trailer owned by Defendant Sitton

Motor Lines, Inc. and driven by Defendant James Duke.[1]  Plaintiffs further allege that Michael

Fanning died as a result of being struck by the tractor trailer driven by Defendant James Duke.[2]

Plaintiffs claim that as a result of the death of Michael Fanning, they suffered losses, including the

loss of financial support, services, care and guidance.[3]  Plaintiffs also claim they suffered mental

anguish, bereavement, emotional suffering, loss of society, loss of companionship, loss of comfort,

loss of protection, loss of attention, loss of advice, loss of counsel, loss of parental care, and loss of

education.[4]

  Plaintiffs' Complaint also includes a survivors action under K.S.A. § 60-1801, for which they

seek monetary damages on the grounds that Michael Fanning survived for a period of time before

succumbing to his injuries.[5]  In addition, Plaintiffs' Complaint includes an action under K.S.A. § 66-

176, for which they seek actual damages, the cost of this suit, and attorneys' fees on the grounds that

Defendant Sitton Motor Lines, Inc. is a common carrier and violated the provisions of law for the

regulation of common carriers.[6]

  Defendants served the following discovery on Plaintiffs: (1) Request for Production to

Plaintiffs Collectively, (2) Interrogatories to Individual Plaintiff Tammy Fanning, (3)  Interrogato-

ries to Individual Plaintiff Paul Fanning, (4) Interrogatories to Individual Plaintiff Ashley Fanning,

---

[1] Compl. (doc. 1), Count I at ¶¶ 9, 10, and 12.

[2] *Id.*, Count I at ¶ 13.

[3] *Id.*, Count I at ¶ 18.

[4] *Id.*

[5] *Id.*, Count II at ¶¶ 1-2.

[6] *Id.*, Count III at ¶¶ 1-4.

and (5) Interrogatories to Individual Plaintiff A. F.[7]  Plaintiffs provided their responses to this discovery on March 10, 2009, objecting to several of the requests and interrogatories.[8]

On March 25, 2009, Defendants filed their Motion.  Plaintiffs, however, failed to file a response to the Motion.  Thus, on June 22, 2009, this Court entered an order (doc. 40) directing Plaintiffs to show cause why Defendants' Motion should not be granted as uncontested under D. Kan. Rule 7.4.  Plaintiffs filed their response to the show cause order, which includes their response to Defendants' Motion, on June 30, 2009 (doc. 43).  On July 2, 2009, the Court entered an order (doc. 45) finding that Plaintiffs had shown sufficient cause why Defendants' Motion should not be granted as uncontested, stating that the Court would consider Plaintiffs' response to Defendants' Motion, and giving Defendants until July 15, 2009 to file a reply.  Defendants filed their reply on July 15, 2009 (doc. 47).  Accordingly, Defendants' Motion is now fully briefed and is therefore ripe for consideration.

## II.    CONFERRING REQUIREMENTS

"The court will not entertain any motion to resolve a discovery dispute . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[9]  Therefore, before addressing the merits of Defendants' Motion, the Court must determine whether Defendants' counsel complied with the conferring requirements of the Federal Rules of Civil Procedure and the Rules of Practice and Procedure for the United States District Court for the District of Kansas.

---

[7] Notice of Service (doc. 13).

[8] Certificate of Service (doc. 23).

[9] D. Kan. Rule 37.2.

Rule 37(a)(1) provides in pertinent part, "[A] party may move for an order compelling disclosure or discovery.  The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[10]  Under Rule 37, the movant is required "to make a good faith attempt to resolve the discovery dispute [] before filing a motion to compel discovery responses."[11]

In addition, D. Kan. Rule 37.2 requires counsel for the moving party to confer or make a "reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion."[12]  D. Kan. Rule 37.2 makes it clear that "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to the opposing party.  It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[13]

The Court has reviewed the relevant pleadings and exhibits  describing Defendants' counsel's attempts to confer with Plaintiffs' counsel before filing the Motion.  It appears that Defendants' counsel wrote a letter to Plaintiffs' counsel detailing the discovery dispute and also made telephone calls to Plaintiffs' counsel's office in an attempt to confer regarding the discovery dispute.  In addition, the Court notes that Plaintiffs do not dispute that Defendants' counsel conferred or made reasonable efforts to confer with Plaintiffs' counsel before filing the Motion.  The Court concludes that Defendants' counsel made reasonable efforts to confer with Plaintiffs' counsel

---

[10] Fed. R. Civ. P. 37(a)(1).

[11] *Lohmann & Rauscher, Inc. v. YKK (U.S.A.), Inc.*, Civ. A. No. 05-2369-JWL, 2007 WL 677726, at *2 (D. Kan. Mar. 2, 2007).

[12] D. Kan. Rule 37.2.

[13] *Id.*

concerning the discovery dispute before filing the Motion.  Having concluded that the conferring

requirements were satisfied, the Court will address the merits of the Motion.

## III.     CERTIFICATE OF SERVICE

Defendants seek an order from this Court compelling Plaintiffs to revise the Certificate of

Service concerning Plaintiffs' interrogatories and requests for production served upon both

Defendants.[14]  Defendants claim that although the Certificate of Service is dated February 27, 2009,

Defendants did not actually receive any interrogatories or requests for production until March 5,

2009.

Plaintiffs state in their response to Defendants' Motion that they have no objection to

changing the service date on the Certificate of Service to the date that Defendants actually received

the interrogatories and requests for production - March 5, 2009.[15]  Thus, the Court will grant this

portion of Defendants' Motion as unopposed.  Plaintiffs shall file an amended Certificate of Service

concerning the interrogatories and requests for production **within 10 days** of the date of the filing

of this Order.

## IV.     REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL PLAINTIFFS

Defendants argue that Plaintiffs failed to adequately respond to several requests for

production of documents, and seek an order compelling Plaintiffs to respond to these requests:

Document Request Nos. 1, 5, 6, 7, 8, 13, 14, 15, and 16.  The Court will address each of these

Document Requests in turn.

### A.     Document Request No. 1

---

[14] Certificate of Service (doc. 20).

[15] Pls.' Resp. to Show Cause Order and to Defs.' Mot. to Compel (doc. 43) ("Pls.' Resp.")
¶ 2.

Document Request No. 1 seeks Internal Revenue Service ("IRS") records for the last 5 years.[16] In response, Plaintiffs produced some IRS records and further stated, "Plaintiff[s] reserve[] the right to supplement."[17] Defendants then moved to compel production of all of the requested IRS records. In their response to Defendants' Motion, Plaintiffs explained that they produced the IRS records in their possession and have requested the remaining records from the IRS, which they intend to provide to Defendants upon receipt.[18]

Having reviewed Document Request No. 1 and the parties' relevant responses, it appears to the Court that Plaintiffs have no objection to Document Request No. 1. Accordingly, the Court will grant Defendants' request to compel responses to Document Request No. 1 as unopposed. Plaintiffs shall supplement their response to Document Request No. 1 as required by Rule 26(e) upon receipt of the remaining records from the IRS.

### B.      Document Request No. 5.

Document Request No. 5 states, "Produce any document which shows payments made to any [P]laintiff as a result of disability or loss of a parent."[19] Plaintiffs objected to Document Request No. 5 on the grounds that it seeks irrelevant information and collateral source information.[20] Plaintiffs

---

[16] Req. for Produc. to Pls. Collectively (doc. 26-7) at 1.

[17] *Id.*

[18] Pls.' Resp. ¶ 23(a).

[19] Req. for Produc. to Pls. Collectively (doc. 26-7) at 2.

[20] *Id.*

further objected to Document Request No. 5 on the grounds that it is overbroad, unduly burdensome, vague and not sufficiently limited to this cause of action.[21]

The Court will address Plaintiffs' relevance objection first.  Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .."[22]  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the subject matter to the action.."[23]

> When the discovery sought appears relevant, the party resisting discovery bears the burden of establishing lack of relevance by demonstrating that the requested discovery either does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.[24]

Conversely, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to show the discovery relevant."[25]

Thus, to determine whether Plaintiffs' relevance objection should be sustained or overruled, the Court must first determine whether the information sought by Document Request No. 5 appears relevant on its face.  The Court has reviewed Document Request No. 5 and the relevant pleadings,

---

[21] *Id.*

[22] Fed. R. Civ. P. 26(b)(1).

[23] *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 685-86 (D. Kan. 2000)(citing *Scott v. Leavenworth Unified Sch. Dist. No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999); *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999)).

[24] *Etienne*, 185 F.R.D. at 656-57 (quoting *Aramburu v. Boeing Co.*, No. 93-4064-SAC, 1994 WL 810246, at *1 (D. Kan. Sept. 22, 1994)) (internal quotations omitted).

[25] *Id.* at 657 (citing *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996)).

and concludes that the relevance of payments made to any Plaintiff as a result of disability or loss of a parent is not readily apparent.  Consequently, Defendants have the burden of showing the relevance of the information sought by Document Request No. 5.

Defendants, however, fail to provide the Court with any argument as to how the information sought by Document Request No. 5 is relevant.  Rather, Defendants argue that the relevance of the documents sought by Document Request No. 5 "is not presently the issue."[26]  According to Defendants, "[t]he issue is whether the information might lead to relevant evidence."[27]  Defendants argue that "[d]epending on the facts and circumstances, the existence of [disability payments or payments due to the loss of a parent] may or may not be relevant."[28]

The Court is not persuaded by Defendants' arguments.  Defendants do not provide any authority for their argument that information must merely be likely to lead to the discovery of relevant information to be discoverable.  Indeed, Defendants appear to have misconstrued Rule 26(b), which sets out the general rule regarding the scope of discovery.  Rule 26(b) makes it clear that information must be <u>relevant</u> to be discoverable.  Rule 26(b) first states that the "[p]arties may obtain discovery regarding any nonprivileged matter that is <u>relevant</u> to any party's claim or defense . . . ."[29]  It then goes on to explain that "[f]or good cause, the court may order discovery of any matter <u>relevant</u> to the subject matter in the action."[30]  Finally, Rule 26(b) provides a rule regarding admissibility at trial, and explains that the <u>relevant</u> information sought by a party need not be

---

[26] Defs.' Resp. to Show Cause Order (doc. 47) ("Defs.' Reply") ¶ 9.

[27] *Id.*

[28] *Id.*

[29] Fed. R. Civ. P. 26(b)(1) (emphasis added).

[30] *Id.* (emphasis added).

admissible at trial if the <u>relevant</u> information appears reasonably calculated to lead to the discovery of <u>admissible</u> evidence.[31]  Contrary to Defendants argument, nothing in Rule 26(b) allows for the discovery of <u>any</u> information so long as it is likely to lead to the discovery of relevant information.

Having considered Defendants' arguments, the Court can only conclude that Defendants have failed to articulate a reason why the documents sought in Document Request No. 5 are relevant to any of the claims or defenses in this case.  Accordingly, the Court sustains Plaintiffs' relevance objection to Document Request No. 5.  In finding that Document Request No. 5 does not seek relevant information, the Court need not address any of Plaintiffs' remaining objections.  Thus, Defendants' Motion seeking to compel Plaintiffs to respond to Document Request No. 5 is denied.

### C.    Document Request No. 6

Document Request No. 6 seeks "any document which supports [Plaintiffs'] claim[s] of damages in this lawsuit."[32]  Plaintiffs objected to this request on the grounds that it is overly broad and vague.[33]  The Court will address each of these objections in turn.

### *1.    Overly Broad*

Plaintiffs, in objecting to Document Request No. 6 on the grounds that it is overly broad, have the burden of supporting this objection, unless the Court finds that Document Request No. 6 is overly broad on its face.[34]  The Court has reviewed Document Request No. 6 and concludes that it is not overly broad on its face.  Document Request No. 6 seeks all documents supporting

---

[31] *Id.* (emphasis added).

[32] Req. for Produc. to Pls. Collectively (doc. 26-7) at 2.

[33] *Id.* at 3.

[34] *G.D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 647 (citing *Etienne*, 185 F.R.D. at 656).

Plaintiffs' claims of damages in this lawsuit.  In fact, Document Request No. 6 does not appear to request anything more than what is already required to be disclosed as part of Plaintiffs' Rule 26(a) initial disclosures.  Under Rule 26(a), a party, without awaiting a discovery request, must provide to the other parties:

> a computation of each category of damages claimed by the disclosing party - who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.[35]

Because Document Request No. 6 is not overly broad on its face, Plaintiffs have the burden of demonstrating how Document Request No. 6 is overly broad.  Plaintiffs argue that Document Request No. 6 "is overly broad and gives no direction to the Plaintiffs in order to allow them to respond to this vague request for all relevant documents."[36]  Plaintiffs' conclusory argument that Document Request No. 6 is overly broad fails to establish that Document Request No. 6 is in fact overly broad.  The Court concludes that Plaintiffs have not satisfied their burden of supporting their overly broad objection to Document Request No. 6.  Accordingly, the Court overrules Plaintiffs' objection that Document Request No. 6 is overly broad.

### 2.    *Vague*

Plaintiffs also objected to Document Request No. 6 on the grounds that it is vague. Plaintiffs, as the party objecting to Document Request No. 6 on the grounds that it is vague, have the burden to show such vagueness.[37]  Plaintiffs provide no support for their objection.  Rather,

---

[35] Fed. R. Civ. P. 26(a)(1)(A)(iii).

[36] Pls.' Resp. ¶ 23(c).

[37] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 655 (D. Kan. 2006) (citations omitted).

Plaintiffs simply state in a conclusory manner that Document Request No. 6 is a "vague request" that fails to give Plaintiffs any "direction" to allow them to respond.[38]  The Court concludes that Plaintiffs have failed to meet their burden to support their vagueness objection.  Accordingly, the Court overrules Plaintiffs' vagueness objection to Document Request No. 6.

Having overruled both of Plaintiffs' objections to Document Request No. 6, the Court grants Defendants' Motion to compel Plaintiffs to produce documents responsive to Document Request No. 6.

### D.   Document Request No. 7

Document Request No. 7 seeks "any report, letter, document or other material which supports [Plaintiffs'] claim of negligence against the [D]efendants."[39]  Plaintiffs objected to Document Request No. 7 on the grounds that it is overly broad, vague, and seeks information protected by the attorney-client privilege and work-product doctrine.[40]  The Court will address each of these objections in turn.

#### 1.   *Overly Broad*

Plaintiffs have the burden of supporting their overbroad objection unless the Court finds that Document Request No. 7 is overly broad on its face.[41]  The Court has reviewed Document Request No. 7 and finds that it is not so all encompassing as to be deemed overly broad on its face.  Thus, the burden is on Plaintiffs to show how Document Request No. 7 is overly broad.  Plaintiffs failed to meet this burden.  Plaintiffs' conclusory statement that Document Request No. 7 "is overly broad

---

[38] Pls.' Resp. ¶ 23(c).

[39] Req. for Produc. to Pls. Collectively (doc. 26-7) at 3.

[40] *Id.*

[41] *G.D.*, 239 F.R.D. at 647 (citations omitted).

. . . [and] provides the Plaintiffs with no direction as to what specific documents the Defendants are seeking" is insufficient to establish that Document Request No. 7 is overly broad.[42] Thus, the Court overrules this objection.

### 2. Vague

Plaintiffs also objected to Document Request No. 7 on the grounds that it is vague. The party objecting to discovery on the grounds that it is vague has the burden of supporting its objection.[43] The Court finds that Plaintiffs have not met this burden. Plaintiffs fail to identify exactly what is vague about Document Request No. 7. Plaintiffs simply argue, in a conclusory manner, that Document Request No. 7 "provides the Plaintiffs with no direction as to what specific documents the Defendants are seeking."[44] Plaintiffs' conclusory argument fails to establish that Document Request No. 7 is vague. Thus, the Court overrules this objection.

### 3. Attorney-Client Privilege and Work Product Doctrine

Plaintiffs also objected to Document Request No. 7 on the grounds that it seeks documents protected by the attorney-client privilege and the work product doctrine. However, Plaintiffs failed to reassert their attorney-client privilege objection in their response to Defendants' Motion.[45] Accordingly, the Court deems Plaintiffs' attorney-client privilege objection abandoned and will only consider Plaintiffs' work product doctrine objection.[46]

---

[42] Pls.' Resp. ¶ 23(d).

[43] *Johnson*, 238 F.R.D. at 655 (citations omitted).

[44] Pls.' Resp. ¶ 23(d).

[45] *Id.* (arguing only that Document Request No. 7 violates the "attorney work product privilege").

[46] When ruling on a motion to compel, the Court will consider only those objections that
(continued...)

Plaintiffs, as the party objecting on the grounds of privilege, have the burden of establishing that the work product doctrine applies.[47]  To carry this burden, Plaintiffs must make a clear showing that the asserted privilege applies.[48]  Further, under Rule 26(b)(5), the party withholding otherwise discoverable information on the grounds that the information is privileged or subject to protection must "expressly make the claim; and describe the nature of the documents, communications, or tangible things not produced or disclosed - and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."[49]

In support of their objection that Document Request No. 7 seeks information protected by the work product doctrine, Plaintiffs argue that Document Request No. 7 "asks the Plaintiffs to determine what is important and thereby violates the attorney work product privilege."[50]  The Court assumes that Plaintiffs are arguing that the request asks Plaintiffs' counsel to determine what documents support their claims of negligence against Defendants and is therefore protected by the work product doctrine.  Plaintiffs make no other arguments to support their claim that the information sought by Document Request No. 7 is protected by the work product doctrine. Furthermore, Plaintiffs do not expressly make their claim of privilege.  They do not describe the

---

[46](...continued)
have been timely asserted and then relied upon in response to the motion to compel. *See Moses v. Halstead*, 236 F.R.D. 667, 672 n.8 (D. Kan. 2006); *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan.2005). Objections initially raised but not relied upon in a response to a motion to compel will be deemed abandoned. *See Moses*, 236 F.R.D. at 672 n.8; *Cardenas*, 232 F.R.D. at 380 n.15.

[47] *McCoo,* 192 F.R.D. at 680 (citations omitted).

[48] *Id.* (citations omitted).

[49] Fed. R. Civ. P. 26(b)(5)(A).

[50] Pls.' Resp. ¶ 23(d).

13

nature of the documents, communications, or tangible things they are refusing to produce on the grounds of privilege. In sum, Plaintiffs have not provided this Court with any information to enable the Court to assess their claim that Document Request No. 7 seeks documents protected by the work product doctrine. The Court finds that Plaintiffs have failed to satisfy their burden of establishing that the work product doctrine applies. Accordingly, the Court overrules this objection.

Having overruled all of Plaintiffs' objections to Document Request No. 7, the Court grants Defendants' Motion to compel Plaintiffs to produce documents responsive to Document Request No. 7.

### E.    Document Request No. 8.

Document Request No. 8 seeks "the statement of any individual who has written or recorded his/her version of events surrounding the claims made in this lawsuit."[51] Plaintiffs objected to Document Request No. 8 on the grounds that it seeks information protected by the work product doctrine.[52] Plaintiffs also attempt to raise a new objection to Document Request No. 8 in their response to Defendants' Motion, namely, that the request is overly broad.[53] Because Plaintiffs failed to raise the overly broad objection in their initial objections to Document Request No. 8, the Court

---

[51] Req. for Produc. to Pls. Collectively (doc. 26-7) at 3.

[52] *Id.*

[53] Pls.' Resp. ¶ 23(e).

deems Plaintiffs' overly broad objection waived.[54]  Thus, the Court will only consider Plaintiffs' objection that Document Request No. 8 seeks information protected by the work product doctrine.

The Court has previously discussed the standard for analyzing an objection based on the work product doctrine and need not repeat that discussion here.[55]  Plaintiffs have not provided any support for their objection that Document Request No. 8 seeks information protected by the work product doctrine.  Plaintiffs merely conclusively state that Document Request No. 8 "requests work product of the Plaintiffs. The Plaintiffs have already produced statements made by the Defendant and the driver in this case.  Statements of other witnesses are work product."[56]  The Court concludes that Plaintiffs' conclusory argument wholly fails to satisfy Plaintiffs' burden to establish that the work product doctrine applies.  Accordingly, the Court overrules Plaintiffs' work product objection to Document Request No. 8.  The Court therefore grants Defendants' Motion to compel Plaintiffs to produce documents responsive to Document Request No. 8.

### F.    Document Request No. 13

Document Request No. 13 states, "Produce Michael Fanning's credit card and checking account statements for the six months prior and the month of his death."[57]  Plaintiffs objected to Document Request No. 13 on the grounds that it seeks irrelevant information.[58]  As explained above, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to

---

[54] *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005) (citations omitted).

[55] *See* Section IV. D. 3, *supra*.

[56] Pls.' Resp. ¶ 23(e).

[57] Req. for Produc. to Pls. Collectively (doc. 26-7) at 4.

[58] *Id.*

show the discovery relevant."[59]  The Court has reviewed Document Request No. 13 and concludes

that the relevance of the information sought by the request is not readily apparent.  Thus, Defendants

have the burden of showing the relevance of the information sought by Document Request No. 13.

Defendants argue that Document Request No. 13

is a reasonable request and requests information about where Michael Fanning spent money and what he used the money for or where he may have been at that time or before his death, which is factual information regarding the events leading up to his death which defendants should be allowed to discover.[60]

Defendants further argue,

[I]f [P]laintiffs' claims include a claim for pecuniary losses, then [D]efendants are entitled to explore the nature of the financial relationship between [P]laintiffs and [Michael Fanning] to determine the degree of support provided to [P]laintiffs by [Michael Fanning], or whether [Plaintiffs] were totally dependent on [Michael Fanning] for financial subsistence.[61]

The Court has considered Defendants' arguments and concludes that Defendants have failed

to explain how the information requested in Document Request No. 13 - Michael Fanning's credit

card and checking account statements - is at all relevant to any of the claims or defenses in this case.

Defendants' conclusory argument that Document Request No. 13 seeks information which

Defendants "should be allowed to discover" is insufficient to establish the relevance of the

information sought by Document Request No. 13.  Further, although Defendants argue that they are

"entitled to explore the financial relationship" between Michael Fanning and Plaintiffs, Defendants

fail to explain why they are entitled to this exploration or how the requested information is relevant

to such exploration.

---

[59] *Etienne*, 185 F.R.D. at 657 (citations omitted).  See Section IV. B. of this Order for a more in-depth discussion of the standard for analyzing relevance objections.

[60] Defs.' Mot. to Compel (doc. 26) ("Defs.' Mot.") ¶ 18(vi).

[61] Defs.' Reply ¶ 11.

Accordingly, the Court sustains Plaintiffs' relevance objection to Document Request No. 13 and denies Defendants' Motion to compel Plaintiffs to produce documents responsive to Document Request No. 13.

### G.   Document Request No. 14

Although Defendants initially moved to compel Plaintiffs to provide documents responsive to Document Request No. 14 in their Motion, it appears to the Court that there is no dispute regarding this request.  Plaintiffs did not object to Document Request No. 14, and Plaintiffs state in their response to Defendants' Motion that they have responded to this request.  Defendants stated in their reply brief that they have no response to and do not contest Plaintiffs' claim that they responded to Document Request No. 14.[62]  Thus, the Court concludes that there is no dispute regarding Document Request No. 14 and finds the portion of Defendants' Motion seeking to compel Plaintiffs to respond to Document Request No. 14 to be moot.

### H.   Document Request No. 15 - Releases

Document Request No. 15 states, "If any [P]laintiff is claiming mental, emotional, stress, physical damages or other physical or emotional manifestations resulting from the loss of Michael Fanning, for each [P]laintiff collectively, produce signed releases for medical, employment and educational records."[63]  Plaintiffs objected to Document Request No. 15 on the grounds that it seeks irrelevant information.[64]

Defendants seek an order from this Court compelling Plaintiffs to sign the releases identified in Document Request No. 15.  However, the Court finds that nothing in Rule 34 enables Defendants

---

[62] Defs.' Reply ¶ 1.

[63] Req. for Produc. to Pls. Collectively (doc. 26-7) at 5.

[64] *Id.*

to force Plaintiffs to sign releases for medical, employment and educational records. A document request under Rule 34 is not the proper mechanism for forcing Plaintiffs to sign releases for medical, employment or educational records. Accordingly, the Court denies Defendants' request to compel Plaintiffs to sign any of the releases identified in Document Request No. 15.

Defendants also appear to ask the Court to compel Plaintiffs to produce Plaintiffs' medical, educational, and employment records. However, the Court cannot find (and Defendants have not identified) any document request served on Plaintiffs seeking these records. Although Document Request No. 15 seeks signed releases for medical, educational, and employment records, it does not request production of the records themselves. Accordingly, the Court also denies Defendants' request to compel Plaintiffs to produce medical, educational, and employment records.

## I.      Document Request No. 16

Although Defendants initially moved to compel Plaintiffs to respond to Document Request No. 16, it appears to the Court that there is no longer a dispute concerning this request. Document Request No. 16 states, "Produce any photographs or videotapes which show Michael Fanning alone, with family members, or engaged in activities which illustrate any damage claims made by the family as a result of his death."[65] Plaintiffs objected to Document Request No. 16 on the grounds that it is overly broad and unduly burdensome.[66] Plaintiffs argue that Document Request No. 16 literally requests every videotape and photograph depicting Michael Fanning. Plaintiffs state that they have produced a sampling of such pictures to Defendants in an effort to cooperate, but maintain that the request as written is overly broad and unduly burdensome.

---

[65] Req. for Produc. to Pls. Collectively (26-7) at 5.

[66] *Id.*

In their reply brief, Defendants state they have no response to and do not contest Plaintiffs objections to Document Request No. 16 or Plaintiffs' statement that they have produced a sampling of photographs of Michael Fanning in an effort to cooperate.[67]  It appears to the Court that the parties have resolved the dispute regarding Document Request No. 16.  Thus, the Court concludes that there is no dispute regarding Document Request No. 16 and finds the portion of Defendants' Motion seeking to compel Plaintiffs to respond to Document Request No. 16 to be moot.

## V.  INTERROGATORIES TO PLAINTIFF TAMMY FANNING

Defendants initially sought to compel answers to Interrogatory Nos. 1, 2(b), 2(c), 4, 5, 6, and 16 to Plaintiff Tammy Fanning. However, in their reply brief, Defendants indicate that Interrogatory Nos. 4, 5, 6, and 16 are no longer disputed.[68]  Thus, the Court deems the portion of Defendants' Motion seeking to compel answers to Interrogatory Nos. 4, 5, 6, and 16 to Plaintiff Tammy Fanning to be moot.  The Court will address the remaining interrogatory disputes in turn.

### A.  Interrogatory No. 1 to Plaintiff Tammy Fanning

Although Defendants moved to compel Plaintiff Tammy Fanning to answer all of Interrogatory No. 1, Plaintiff answered Interrogatory 1(a), 1(b), and 1(d) and only objected to Interrogatory No. 1(c), and the parties' respective arguments only discuss Interrogatory No. 1(c). Thus, it appears to the Court that the dispute only concerns Interrogatory No. 1(c), which provides, "State your status as an employed individual, or if you do not work, state your sources of income,

---

[67] Defs.' Reply ¶ 1.

[68] *Id.*

if any."[69]  Plaintiff Tammy Fanning objected to Interrogatory No. 1(c) on the grounds that it seeks irrelevant information and seeks collateral source information.[70]  The Court will address Plaintiff Tammy Fanning's relevance objection first.

The Court has already discussed the standard for analyzing relevance objections and need not repeat that entire discussion here.[71]  As previously explained, "[w]hen the relevancy of propounded discovery is not apparent its proponent has the burden [] to show the discovery relevant."[72]  The Court has reviewed Interrogatory No. 1(c) and finds that the relevance of the information sought by Interrogatory No. 1(c) is not readily apparent.  Thus, Defendants have the burden of showing that the information sought by Interrogatory No. 1(c) is relevant.

Defendants argue:

> [P]laintiff Tammy Fanning is apparently making claims that she has suffered pecuniary and no [sic] pecuniary losses because of the death of her husband, Michael Fanning.  If her claims include a claim for pecuniary losses, then [D]efendants are entitled to explore the nature of the financial relationship between [P]laintiff Tammy Fanning and decedent to determine the degree of support provided to [P]laintiff Tammy Fanning by decedent, whether she was working and supporting herself, or whether she was disabled and depended totally on decedent for financial subsistence.[73]

The Court notes several problems with Defendants' argument as to why Interrogatory No. 1(c) seeks relevant information.  First, Defendants' argument is one based on a contingency, namely, *if* Plaintiff Tammy Fanning is seeking claims for pecuniary losses, *then* Defendants are entitled to

---

[69] Resp. to Interrogs. to Individual Pl. Tammy Fanning (doc. 26-2) at 1.

[70] *Id.* at 2.

[71] See Section IV. B of this Order for the Court's discussion of the standard for analyzing relevance objections.

[72] *Etienne*, 185 F.R.D. at 657 (citations omitted).

[73] Defs.' Reply ¶ 5.

explore the nature of the financial relationship between Plaintiff Tammy Fanning and the decedent, Michael Fanning. The Court finds this argument unpersuasive. However, a bigger problem with Defendants' argument is that it attempts to redefine Interrogatory No. 1(c). Defendants argue that they are "entitled" to explore the nature of the financial relationship between Plaintiff Tammy Fanning and the decedent, Michael Fanning. However, Interrogatory No. 1(c) does not seek this information. Rather, Interrogatory No. 1(c) asks Plaintiff Tammy Fanning her current employment status and, if she is unemployed, her current sources of income. The Court fails to see how Interrogatory No. 1(c) seeks information regarding the financial relationship between Plaintiff Tammy Fanning and Michael Fanning.

The Court concludes that Defendants have failed to establish the relevance of the information sought by Interrogatory No. 1(c). The Court therefore sustains Plaintiff Tammy Fanning's relevance objection to Interrogatory No. 1(c). Because the Court has sustained Plaintiff's relevance objection, it need not decide Plaintiff's objection that Interrogatory No. 1(c) seeks collateral source information. Accordingly, the Court denies Defendants' Motion to compel Plaintiff Tammy Fanning to answer Interrogatory No. 1(c).

### B.     Interrogatory No. 2(b) to Plaintiff Tammy Fanning

Interrogatory No. 2(b) states, "If you are employed, state the name and address of your employer, and the amount of income you earned in the years 2006 and 2007."[74] Plaintiff Tammy Fanning objected to this interrogatory on the grounds that it seeks irrelevant information and seeks collateral source information.[75] However, Plaintiff then stated, "Without waiving objection [sic] I

---

[74] Resp. to Interrogs. to Individual Pl. Tammy Fanning (doc. 26-2) at 2.

[75] *Id.*

was not employed."[76]  Thus, it appears that the only information Plaintiff did not provide in response to Interrogatory No. 2(b) was the amount of income she earned in the years 2006 and 2007.  The Court will address Plaintiff's relevance objection first.[77]

The Court finds that the relevance of the information sought by Interrogatory No. 2(b) is not readily apparent.  Thus, Defendants have the burden of establishing the relevance of the information sought by Interrogatory No. 2(b).  Defendants make the same relevance arguments for this interrogatory as they did for Interrogatory No. 1(c) to Plaintiff Tammy Fanning and, for the same reasons previously discussed, the Court finds these arguments unpersuasive.[78]  Thus, the Court sustains Plaintiff Tammy Fanning's relevance objection to Interrogatory No. 2(b).  Because the Court has sustained Plaintiff's relevance objection, it need not decide Plaintiff's objection that Interrogatory No. 2(b) seeks collateral source information.  Accordingly, the Court denies Defendants' Motion to compel Plaintiff Tammy Fanning to answer Interrogatory No. 2(b).

## C.    Interrogatory No. 2(c) to Plaintiff Tammy Fanning

Interrogatory No. 2(c) states, "If you received disability, Social Security, or benefits paid from any other fund or source, state the source of such income or benefits and the amount per month received."[79]  Plaintiff Tammy Fanning objected to Interrogatory No. 2(c) on the grounds that it seeks

---

[76] *Id.*

[77] See Section IV. B. of this Order for the Court's discussion of the standard for analyzing relevance objections.

[78] *See* Section V. A., *supra*.

[79] Resp. to Interrogs. to Individual Pl. Tammy Fanning (doc. 26-2) at 2.

irrelevant information and seeks collateral source information.[80]   The Court will first address

Plaintiff Tammy Fanning's relevance objection.[81]

The Court finds that the relevance of the information sought by Interrogatory No. 2(c) is not

readily apparent.   Consequently, Defendants have the burden of showing the relevance of the

information sought by Interrogatory No. 2(c).   Defendants make the same relevance arguments for

this interrogatory as they did for Interrogatory Nos. 1(c) and 2(b) to Plaintiff Tammy Fanning and,

for the same reasons previously discussed, the Court finds these arguments unpersuasive.[82]   The

Court therefore sustains Plaintiff Tammy Fanning's relevance objection and, as a result, need not

address Plaintiff's objection based on collateral source information.   Accordingly, the Court denies

Defendants' Motion to compel Plaintiff Tammy Fanning to answer Interrogatory No. 2(c).

## VI.   INTERROGATORIES TO PLAINTIFF PAUL FANNING

Defendants initially moved to compel Plaintiff Paul Fanning to answer  Interrogatory Nos.

12 and 13.   However, in their reply brief, Defendants indicate that Interrogatory No. 12 is no longer

disputed.[83]   Thus, the Court finds the portion of Defendants' Motion seeking to compel an answer

to Interrogatory No. 12 to be moot.   Accordingly, the Court need only address the dispute

concerning Interrogatory No. 13.

Interrogatory No. 13 to Plaintiff Paul Fanning provides,

State whether there was a policy of insurance that paid out benefits to you as a result
of Michael Fanning's death[.]   If answering in the affirmative state the name and

---

[80] *Id.* at 3.

[81]  See Section IV. B. of this Order for the Court's discussion of the standard for analyzing
relevance objections.

[82] *See* Section V. A., *supra*.

[83] Defs.' Reply ¶ 1.

address of the company or entity providing death benefits, retirement funds, and state the amount of the benefits or funds received.[84]

Plaintiff Paul Fanning objected to Interrogatory No. 13 on the grounds that it seeks irrelevant information and seeks collateral source information.[85]   The Court will address Plaintiff Paul Fanning's relevance objection first.[86]

Having reviewed Interrogatory No. 13, the Court concludes that the relevance of the information sought by Interrogatory No. 13 is not readily apparent.   Thus, Defendants have the burden of establishing the relevance of the information sought by Interrogatory No. 13.   Defendants argue that they are "entitled to an answer to Interrogatory # 13 as to whether there was any support, financial support or mental support provided to [Plaintiff] Paul Fanning by the decedent Michael Fanning."[87]   Defendants also argue, "Whether this information is relevant is not presently the issue. The issue is whether the information might lead to relevant evidence.   Depending on the facts and circumstances, the existence of insurance payments may or may not be relevant."[88]

Defendants' arguments are essentially the same arguments they used in arguing the relevance of Document Request No. 5 and, for the same reasons previously discussed, the Court finds these arguments unpersuasive.[89]   Whether the information is relevant *is* presently the issue, and Defendants have failed to show how the information sought by Interrogatory No. 13 is relevant.

---

[84] Resp. to Interrogs. to Individual Pl. Paul Fanning (doc. 26-3) at 6.

[85] *Id.*

[86] See Section IV. B. of this Order for the Court's discussion of the standard for analyzing relevance objections.

[87] Defs.' Mot. ¶ 14(ii).

[88] Defs.' Reply ¶ 6.

[89] *See* Section IV. B., *supra.*

Thus, the Court sustains Plaintiff Paul Fanning's relevance objection to Interrogatory No. 13. Having sustained Plaintiff's relevance objection, the Court need not decide his collateral source information objection. Accordingly, the Court denies Defendants' Motion seeking to compel Plaintiff Paul Fanning to answer Interrogatory No. 13.

## VII.   INTERROGATORIES TO PLAINTIFF ASHLEY FANNING

Defendants initially moved to compel Plaintiff Ashley Fanning to answer Interrogatory Nos. 1(a), 1(d), 2(c), 3, 7, 12, 13, and 14. However, based on Defendants' reply brief it appears that Interrogatory Nos. 3, 7, and 12 are no longer disputed.[90] The Court therefore finds the portion of Defendants' Motion seeking to compel Plaintiff Ashley Fanning to answer Interrogatory Nos. 3, 7, and 12 to be moot. The Court will address the remain interrogatories in turn.

### A.   Interrogatory Nos. 1(a) and 1(d) to Plaintiff Ashley Fanning

Interrogatory No. 1(a) states, "If you are a full or part time student, indicate the school or university where you are a student, and/or the last grade or degree received and date of same."[91] Interrogatory No. 1(d) provides, "State whether you are married, and/or have children who depend upon you for all or part of their support. If answering in the affirmative, state their names, ages, and relationship to you."[92] Plaintiff Ashley Fanning did not assert any objections to Interrogatory Nos. 1(a) and 1(d), rather she simply did not answer them.[93] Defendants argue that they are entitled to answers to these interrogatories. Plaintiffs make no mention of Interrogatory Nos. 1(a) and 1(d) in

---

[90] Defs.' Reply ¶ 1.

[91] Resp. to Interrogs. to Individual Pl. Ashley Fanning (doc. 26-4) at 1.

[92] *Id.* at 2.

[93] *Id.*

their response to Defendants' Motion.  Thus, the Court grants Defendants' Motion to compel Plaintiff Ashley Fanning to answer Interrogatory Nos. 1(a) and 1(d).

### B.    Interrogatory No. 2(c) to Plaintiff Ashley Fanning

Interrogatory No. 2(c) states, "If you receive disability, Social Security or any other benefits paid from any other fund or source, state the source of such income or benefits and the amount per month received."[94]  This interrogatory is identical to Interrogatory No. 2(c) to Plaintiff Tammy Fanning.[95]  Plaintiff Ashley Fanning (as did Plaintiff Tammy Fanning) objected to Interrogatory No. 2(c) on the grounds that it seeks irrelevant information and seeks collateral source information.[96]  The Court will address the relevance objection first.

The parties' arguments regarding the relevance of the information sought by Interrogatory No. 2(c) to Plaintiff Ashley Fanning are essentially the same as the arguments made regarding the relevance of the information sought by Interrogatory No. 2(c)to Plaintiff Tammy Fanning.  Thus, for the same reasons previously discussed, the Court concludes that the relevance of the information sought by Interrogatory No. 2(c) to Plaintiff Ashley Fanning is not readily apparent, and that Defendants have failed to establish the relevance of the information sought by Interrogatory No. 2(c) to Plaintiff Ashley Fanning.[97]  The Court therefore sustains Plaintiff Ashley Fanning's relevance objection to Interrogatory No. 2(c).  Because the Court has sustained Plaintiff's relevance objection, it need not decide Plaintiff's collateral source information objection.  Accordingly, the Court denies Defendants' Motion to compel Plaintiff Ashley Fanning to answer Interrogatory No. 2(c).

---

[94] *Id.*

[95] *See* Section V. C., *supra*.

[96] Resp. to Interrogs. to Individual Pl. Ashley Fanning (doc. 26-4) at 2.

[97] *See* Section V. C., *supra*.

### C.   Interrogatory No. 13 to Plaintiff Ashley Fanning

Interrogatory No. 13 provides, "State whether there was a policy of insurance that paid out benefits to you as a result of Michael Fanning's death[.]  If answering in the affirmative state the name and address of the company or entity providing death benefits, retirement funds, and state the amount of the benefits or funds received."[98]  This interrogatory is identical to Interrogatory No. 13 to Plaintiff Paul Fanning.[99]  Plaintiff Ashley Fanning (as did Plaintiff Paul Fanning) objected to Interrogatory No. 13 on the grounds that it seeks irrelevant information and seeks collateral source information.[100]

The parties' arguments regarding the relevance of the information sought by Interrogatory No. 13 to Plaintiff Paul Fanning are essentially the same as the arguments regarding the relevance of the information sought by Interrogatory No. 13 to Plaintiff Ashley Fanning.  Thus, for the same reasons previously discussed, the Court finds that the relevance of the information sought by Interrogatory No. 13 to Plaintiff Ashley Fanning is not readily apparent, and that Defendants have failed to show the relevance of the information sought by Interrogatory No. 13 to Plaintiff Ashley Fanning.[101]  The Court therefore sustains Plaintiff Ashley Fanning's relevance objection to Interrogatory No. 13.  Because the Court has sustained Plaintiff's relevance objection, it need not decide her collateral source information objection.  Accordingly, the Court denies Defendants' Motion to compel Plaintiff Ashley Fanning to answer Interrogatory No. 13.

### D.   Interrogatory No. 14 to Plaintiff Ashley Fanning

---

[98] Resp. to Interrogs. to Individual Pl. Ashley Fanning (doc. 26-4) at 6.

[99] *See* Section VI., *supra*.

[100] Resp. to Interrogs. to Individual Pl. Ashley Fanning (doc. 26-4) at 6.

[101] *See* Section VI., *supra*.

Interrogatory No. 14 states, "Are you eligible for Social Security benefits as a result of a disability and/or as a result of Michael Fanning's death?  If answering in the affirmative, identify the type of benefit received, the nature or reason for entitlement, and state the monthly payments received."[102]  Plaintiff Ashley Fanning objected to Interrogatory No. 14 on the grounds that it seeks irrelevant information and seeks collateral source information.[103]  The Court will address Plaintiff Ashley Fanning's relevance objection first.[104]

The Court has reviewed Interrogatory No. 14 and concludes that the information sought by Interrogatory No. 14 is not readily apparent.  Thus, Defendants have the burden of showing the relevance of the information sought by Interrogatory No. 14.  Defendants argue that Interrogatory No. 14 "requests information before and after Michael Fanning's death, and [D]efendants therefore feel it is relevant discoverable information for which an answer is requested."[105]  Defendants also argue, "Whether this information is relevant is not presently the issue.  The issue is whether the information might lead to relevant evidence.  Depending on the facts and circumstances, the existence of [Social Security benefits] may or may not be relevant."[106]

Defendants' arguments are essentially the same arguments they used in arguing the relevance of Document Request No. 5 and, for the same reasons previously discussed, the Court finds

---

[102] Resp. to Interrogs. to Individual Pl. Ashley Fanning (doc. 26-4) at 6.

[103] *Id.* at 7.

[104] See Section IV. B. of this Order for the Court's discussion of the standard for analyzing relevance objections.

[105] Defs.' Mot. ¶ 15(vii).

[106] Defs.' Reply ¶ 9.

Defendants' arguments unpersuasive.[107]  Whether the information is relevant *is* presently the issue, and Defendants have failed to show how the information sought by Interrogatory No. 14 to Plaintiff Ashley Fanning is relevant.  The Court therefore sustains Plaintiff Ashley Fanning's relevance objection to Interrogatory No. 14.  Because the Court has sustained Plaintiff's relevance objection, it need not decide her collateral source information objection.  Accordingly, the Court denies Defendants' Motion to compel Plaintiff Ashley Fanning to answer Interrogatory No. 14.

## VIII.   INTERROGATORIES TO PLAINTIFF A. F.

Defendants seek to compel Plaintiff A. F. to answer Interrogatory Nos. 1(c), 2, and 7.  The Court will address each of these interrogatories in turn.

### A.      Interrogatory No. 1(c) to Plaintiff A. F.

Interrogatory No. 1(c) asks Plaintiff A. F. to identify her current address.[108]  Plaintiff A. F. answered this interrogatory by providing her current address.[109]  Thus, it appears to the Court that there is no basis for Defendants' Motion to compel Plaintiff A. F. to answer Interrogatory 1(c). Accordingly, the Court denies Defendants' Motion to compel Plaintiff A. F. to answer Interrogatory No. 1(c).

### B.      Interrogatory No. 2 to Plaintiff A. F.

Interrogatory No. 2 to Plaintiff A. F. states, "With regard to financial support state: (a) [t]he amount of financial support which Michael Fanning provided to you for the last year of his life, [and] (b) [i]f you are employed, state the name and address of your employer, your job title, and the

---

[107] *See* Section IV. B., *supra*.

[108] Resp. to Interrogs. to Individual Pl. A. F. (doc. 26-5) at 1.

[109] *Id.* at 2.

amount of income you earned in the years 2006 and 2007."[110]  Plaintiff A. F. answered subpart (a) of Interrogatory No. 2, but objected to subpart (b) on the grounds that it seeks irrelevant information and seeks collateral source information.[111]   Thus, it appears that the dispute only concerns Interrogatory No. 2(b) to Plaintiff A. F.  The Court will address Plaintiff's relevance objection to Interrogatory No. 2(b) first.[112]

The Court has reviewed Interrogatory No. 2(b) and concludes that the information sought by Interrogatory No. 2(b) is not readily apparent.   Thus, Defendants have the burden of showing the relevance of the information sought by Interrogatory No. 2(b).   Defendants argue that Interrogatory No. 2(b) "gives [D]efendants information concerning [Plaintiff] A. F.'s condition before and after the incident, and therefore should be completed."[113]

The Court is unpersuaded by Defendants' argument.  It is not clear how Plaintiff A. F.'s "condition before and after the incident" is relevant to any claim or defense in this case.  The Court therefore concludes that Defendants have failed to establish the relevance of the information sought by Interrogatory No. 2(b).  Thus, the Court sustains Plaintiff A. F.'s relevance objection.  Because the Court has sustained Plaintiff's relevance objection, it need not decide Plaintiff's collateral source information objection.  Accordingly, the Court denies Defendants' Motion to compel Plaintiff A. F. to answer Interrogatory No. 2(b).

     C.      **Interrogatory No. 7 to Plaintiff A. F.**

---

[110] *Id.*

[111] *Id.*

[112] See Section IV. B. of this Order for the Court's discussion of the standard for analyzing relevance objections.

[113] Defs.' Mot. ¶ 16(ii).

Interrogatory No. 7 states,

> If you require on-going medical or mental health services of any health care professional, state the name and address of each health or mental health provider, including therapists or rehabilitation specialists. (a) State the number of times on a yearly basis that you see each individual listed in answer to these interrogatories. (b) State whether you take medication on a regular basis, and if [sic] state the medication taken.[114]

Plaintiff A. F. objected to Interrogatory No. 7 on the grounds that it seeks irrelevant information.[115]

The Court has reviewed Interrogatory No. 7 and concludes that the information sought by Interrogatory No. 7 is not readily apparent. Defendants therefore have the burden of establishing the relevance of the information sought by Interrogatory No. 7. Defendants argue that they "need to know the answer to Interrogatory [No.] 7 to ascertain what [Plaintiff A. F.'s] physical injuries are or are not, as well as, the impact of her condition as it may relate to her relationship with Mr. Fanning for the reasons previously stated."[116] The Court fails to see how Defendants' argument establishes the relevance of the information sought by Interrogatory No. 7. The Court therefore sustains Plaintiff A. F.'s relevance objection to Interrogatory No. 7. Accordingly, the Court denies Defendants' Motion to compel Plaintiff A. F. to answer Interrogatory No. 7.

## IX.   EXPENSES

Under Rule 37, if a motion to compel discovery is "granted in part and denied in part," as is the case here, the court may "apportion the reasonable expenses for the motion."[117] The Court

---

[114] Resp. to Interrogs. to Individual Pl. A. F. (doc. 26-5) at 4.

[115] *Id.* See Section IV. B. of this Order for the Court's discussion of the standard for analyzing relevance objections.

[116] Defs. Mot. ¶ 16(iii).

[117] Fed. R. Civ. P. 37(a)(5)(C).

finds that in this case it is appropriate to have each party bear their own expenses incurred in connection with the Motion.

## X.      CONCLUSION

For the foregoing reasons, Defendants Motion is granted in part, denied in part, and found moot in part as set forth herein.

**IT IS THEREFORE ORDERED** that Defendants' motion to compel (doc. 26)  is granted in part, denied in part, and found moot in part.

**IT IS FURTHER ORDERED** that Defendants' Motion is granted as to their request that Plaintiffs revise the Certificate of Service (doc. 20) concerning Plaintiffs' Interrogatories and Requests for Production of Documents.  Plaintiffs shall file an amended Certificate of Service concerning the interrogatories and requests for production **within 10 days** of the date of the filing of this Order.

Defendants' Motion is also granted as to their request to compel Plaintiffs to respond to Document Request Nos. 1, 6, 7, and 8, and their request to compel Plaintiff Ashley Fanning to answer Interrogatory Nos. 1(a) and 1(d).

**IT IS FURTHER ORDERED** that Defendants' Motion is denied as to their request to compel Plaintiffs to respond to Document Request Nos. 5, 13, and 15, their request to compel Plaintiff Tammy Fanning to answer Interrogatory Nos. 1(c), 2(b), 2(c), their request to compel Plaintiff Paul Fanning to answer Interrogatory No. 13, their request to compel Plaintiff Ashley Fanning to answer Interrogatory Nos. 2(c), 13, and 14, and their request to compel Plaintiff A. F. to answer Interrogatory Nos. 1(c), 2(b) and 7.

**IT IS FURTHER ORDERED** that Defendants' Motion is found moot as to Document Request Nos. 14 and 16, Interrogatory Nos. 4, 5, 6, and 16 to Plaintiff Tammy Fanning, Interrogatory No. 12 to Plaintiff Paul Fanning, and Interrogatory Nos. 3, 7, and 12 to Plaintiff Ashley Fanning.

**IT IS FURTHER ORDERED** that the parties shall bear their own expenses incurred in connection with Defendants' Motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 23rd day of September 2009.

s/ David J. Waxse_____
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties