IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| TAMMY FANNING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-2464 JWL/DJW |
| | ) | |
| SITTON MOTOR LINES, INC. | ) | |
| and | ) | |
| JAMES F. DUKE, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

The heirs of decedent Michael Fanning brought this wrongful death action to recover for the damages they suffered when Mr. Fanning was struck by a semi-tractor and trailer driven by defendant James F. Duke, on behalf of defendant Sitton Motor Lines, Inc., on September 26, 2006. On April 28, 2010, the Court issued an order approving a proposed settlement and distribution plan entered into by the parties. The settlement provided that defendants would pay the costs of the action, and plaintiffs filed a Bill of Costs along with an Affidavit explaining each of the costs sought to be recovered (doc. #132). On June 23rd, 2010, the clerk taxed costs, reducing the total from the requested $13,108.52 to $12,583.32. The matter is presently before the Court on

defendants' Motions to Retax Costs (doc. #135 and doc. #139).[1] In the motions, defendants object to certain specific items that the clerk taxed as costs. For the reasons explained below, the Court will grant defendants' motions in part and reduce plaintiffs' costs to $8,849.94.

Defendants object to the following taxed as costs: (1) charges for copies and videotape copies of deposition testimony, in various amounts; (2) $245.65 for color copies of pictures disclosed by defendants under Fed.R.Civ.P. 26; (3) $57.98 for copies of defendants' answers to discovery requests, which had been produced electronically only; (4) $267.10 for records obtained from the Kansas Highway Patrol; (5) $3,561.25 for various expenses related to the preparation of exhibits for trial; (6) $162.36 for five copies of a DVD plaintiffs intended to play at trial; and (7) $192.98 for copies made of the exhibits defendants intended to use at trial, which had been produced only in electronic form. Pursuant to 28 U.S.C. § 1920, the Court may tax as costs the following:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

---

[1] Defendants filed two Motions to Retax Costs, one on April 23, 2010, and one on July 1st, 2010, after the clerk taxed costs.

"Materials and services that serve only to add to the convenience of counsel are not 'necessarily obtained.'" *McCauley v. Raytheon Travel Air Co.*, 2001 WL 1464781, at *1 (D. Kan. Oct. 19, 2001) (citing *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir. 1988)). "'The most direct evidence of 'necessity' is the actual use of materials obtained by counsel or by the court.'" *Id.* (quoting *ToucheRoss*, 854 F.2d at 1246). The party seeking costs has the burden to establish the amount of costs to which it is entitled. *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248-49 (10th Cir. 2002).

1. Depositions

The clerk assessed transcript costs in the amount of $7,571.00, after having reduced the requested amount of $8,096.20.[2] Defendants claim that the $7,571.00 taxed as costs for "printed or electronically recorded transcripts necessarily obtained for use in the case" improperly included three copies of deposition testimony: (1) the original, (2) a certified copy and (3) a videotape copy of the deposition testimony. Defendants also object to the inclusion of these deposition costs as it remains unclear what witnesses would have actually testified at trial, since the matter settled beforehand. In response, plaintiffs assert that the court reporter did not charge any additional amount for the certified copy of the transcript, and that they did not seek to include costs that this Court

---

[2] From the approved Bill of Costs (doc. #138), it is unclear why the clerk reduced the transcript costs by this amount. However, the Court has obtained the clerk's calculations to ensure that plaintiffs' costs were not reduced twice for the same non-recoverable items. The clerk's reductions were made because of calculation errors, because plaintiffs attempted to recover shipping and handling on video depositions, and because plaintiffs submitted invoices for various deposition copies that did not distinguish between the charge for the copy and the charge for an e-transcript.

has indicated are for convenience of counsel, including minuscripts, keyword indices, ASCII disks, exhibits, and postage and delivery. *See Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898, 904 (D. Kan. 2007) (citing *Burton v. R.J. Reynolds Tobacco Co*., 395 F.Supp.2d 1065, 1080 (D. Kan. 2005)).

"'The costs of taking and transcribing depositions reasonably necessary for litigation are generally awarded to the prevailing party under 28 U.S.C. § 1920.'" Treaster, 505 F.Supp.2d at 904 (quoting *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998)). Moreover, "as long as materials are 'reasonably necessary for use in the case although not used at trial, the court is nonetheless empowered to find necessity and award costs.'" *Hutchings v. Kuebler*, 1999 WL 588214, at *1 (D. Kan July 8, 1999) (awarding costs upon settlement for depositions of witnesses that were not used in support of a summary judgment motion). The Court must instead consider whether the depositions appeared "reasonably necessary" at the time the deposition costs were incurred. *Id.* (citing *Callicrate*, 139 F.3d at 1340).

Here, the court reporter invoices give a total amount for the original and a certified copy of each deposition, separately itemizing the various other associated convenience expenses. One certified copy of the deposition transcripts is a taxable item. *See Treaster*, 505 F.Supp. at 904 and *Odessa Ford, LLC*, 2009 WL 1631850, at *4 ("each invoice clearly states it is for one certified copy of the transcript, which is properly taxable"). As plaintiffs have explained, the court reporter did not charge any additional fee for the certified copy. Moreover, plaintiffs have given a satisfactory explanation for why

depositions of the various witnesses appeared reasonably necessary at the time the deposition was taken, as the deposition testimony of each was to be used in some manner at trial, either to be read or shown to the jury or used in cross-examination.  Thus, the Court rejects defendants' challenge to the costs for the certified copies of the depositions of James Duke, Randall Cameron, Allison Fanning, Ashley Fanning, Paul Fanning, Tammy Fanning, Steven Bellis, Jeffrey Yarnall, Erik Mitchell, John Ward, Stephen Buckley, William Nelson, Rosalyn Innis, Michael Corbett, and Karen Bruce.  However, the depositions of other witnesses do contain items not properly taxable, with no itemization to permit the Court to determine how much is actually recoverable.[3]  As previously explained, the party seeking costs has the burden to establish the amount of costs to which it is entitled, *Allison v. Bank One-Denver*, 289 F.3d at 1248-49, and "a party who intends to recover costs…should require its vendors to present itemized invoices which permit the clerk and the court to distinguish recoverable and non-recoverable items."  *Odessa Ford, LLC v. T.E.N. Investments, Inc.*, 2009 WL 1631850, at *4 (D. Kan. June 10, 2009) (citing *Treaster*, 505 F.Supp.2d at 904).  Thus, the Court finds that plaintiffs have not met their burden to establish the following deposition amounts consist of fees "of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," as opposed to convenience items

---

[3] The invoices for the depositions of Douglas Smoot, David Waddell, Kyle Lee, Jacob Morrison and James Acock state that they are for a copy as well as an e-transcript, without any itemization.  The invoice for the deposition of Michael L. Woodhouse contains charges for a compressed transcript, an e-transcript, COD, and UPS Delivery.  In the Bill of Costs, plaintiffs asserted that the court reporter appeared not to charge separately for these items, but it was plaintiffs' obligation to request itemized invoices to assure the Court that charges for non-recoverable items were not included.

which are not recoverable: $232.10 for the depositions of Douglas Smoot, David Waddell, Kyle Lee, and Jacob Morrison; $260.95 for the deposition of James Acock; and $339.95 for the deposition of Michael L. Woodhouse. However, the clerk already reduced plaintiffs' requested costs by the full amount sought for the depositions of Smoot, Waddell, Lee, Morrison, and Acock. Thus, the only additional amount that costs must be reduced by is the $339.95 for Michael Woodhouse's deposition.

Videos were also created of the depositions of defendant James Duke, investigating officer Randy Cameron, Steven Bellis, Jeffrey Yarnall, and Dr. Karen Bruce. For each, plaintiffs sought to recover the videographer appearance fee, the digital video master tape stock, time stamp processing of transcript, sync-to-text, and shipping and handling.[4] "Under 28 U.S.C. § 1920(2), a party may recover costs of video depositions, including the costs of the transcript and the videotape, that are necessary for the litigation." *Odessa Ford, LLC,* 2009 WL 1631850, at *7 (citing *Seyler v. Burlington North Santa Fe Corp*., 2006 WL 3772312, at *2 (D. Kan. Dec. 20, 2006)). However, "in the absence of use at trial, 'the prevailing party must show that the facts known when the deposition was taken made it appear reasonably necessary to record the deposition on videotape.'" *Id.* (quoting *Griffith v. Mt. Carmel Medical Ctr*., 157 F.R.D. 499, 503 (D. Kan. 1994)). Plaintiffs have not put forth any explanation as to why the videotape depositions were necessary, instead merely asserting in a conclusory manner that they were necessary. However, this Court has explained that "'[t]he mere recitation with

---

[4] For Dr. Bruce's, it also included a charge for travel time.

talismanic regularity of the phrase 'necessarily obtained for use in the case' is not sufficient to overcome [a non-prevailing party's] objections. Some further showing is necessary.'" *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 878 F.Supp. 1417, 1428 (D. Kan. 1995) (quoting *American Key Corp. v. Cumberland Associates*, 102 F.R.D. 496, 499 (N.D. Ga. 1984)). Thus, the Court finds that plaintiffs have not satisfied their burden of establishing the necessity of the videotaped depositions. Moreover, the Court notes that plaintiffs included items not properly taxed, such as shipping and handling charges associated with the videotaped depositions. *See Odessa Ford, LLC*, 2009 WL 1631850, at *6 (explaining that the clerk disallowed shipping and handling charges) and *Ortega v. IBP, Inc.*, 883 F.Supp. 558, 562 (D. Kan. 1995) ("Federal courts in Kansas deny taxation of postage costs based upon a lack of statutory authority in § 1920") (citing *Ortega v. City of Kansas City, Kan.*, 659 F.Supp., 1201, 1219 (D. Kan. 1987), *rev'd on other grounds*, 875 F.2d 1497 (10th Cir. 1989)). The Court thus disallows the following videotaped depositions as costs: $1,075.15 for the depositions of James P. Duke and Randy Cameron, $612.89 for the deposition of Steven Bellis, $542.89 for the deposition of Jeff Yarnell, and $438.12 for the deposition of Dr. Karen Bruce. However, the clerk already reduced the requested sums for all of these combined video depositions by $26.00 for the shipping and handling charges, and the Court therefore reduces the total costs for video depositions by only $2,643.05.

2.  Printing and Copying Costs

The clerk taxed fees for exemplification and copying in the amount of $4,487.32, pursuant to 28 U.S.C. § 1920(4), which permits the court to tax as costs "fees for exemplification and copies of papers necessarily obtained for use in the case."  A copy is "necessarily obtained" within the meaning of § 1920(4) "only where the court believes that its procurement was reasonably necessary to the prevailing party's preparation of its case."[5]  *Treaster*, 505 F.Supp.2d at 904.  If the copy is merely to add to the convenience of the parties, however, it is not "necessarily obtained."  *Odessa Ford, LLC*, 2009 WL 1631850, at *5 (citing *Callicrate*, 139 F.3d at 1340)).  The party seeking reimbursement of copying and printing costs bears the burden of persuasion.  *Id*.

a.  Color Copies of Pictures, Copies of Answers to Discovery Requests, and Copies of Defendants' Exhibits

Plaintiffs submitted the following invoices as costs: $245.65 for color copies of photos disclosed by defendants under Fed.R.Civ.P. 26, $57.98 for printing copies of defendants' answers to requests to produce and interrogatory answers, and $192.98 for printing documents of defendants' trial exhibits.  Plaintiffs assert that these copies were

---

[5] For each printing or copy cost, defendants object on the grounds that it is a day-to-day expense that should be considered overhead and thus not properly taxable, citing to *Ramos v. Lamm*, 713 F.2d 546 (10th Cir. 1983).  However, 28 U.S.C. § 1920(4) clearly permits this Court to tax as costs reasonably necessary copies.  Thus, the Court rejects the defendants' argument concerning printing and copying expenses not being properly taxable as "overhead."

all "necessarily obtained" because each side produced documents only in electronic form, and hard copies were necessary for depositions, trial preparation, and use at trial. Defendants object to the taxing of these copying expenses on the grounds that any copies were merely for the convenience of counsel, since plaintiffs had the electronic version already. As to the $245.65 charge for color photographs and the $57.98 charge for copying discovery answers, the Court finds that plaintiffs have sufficiently satisfied their burden of explaining how the documents were needed for use in depositions, when counsel's mere reference to information contained in electronic form would not suffice. The Court therefore agrees that these copies appear to be necessarily obtained. However, the $192.98 charge for printing defendants' trial exhibits appears to be merely for the convenience of counsel in preparing for trial. Aside from generally asserting that they were to be used at trial, plaintiffs have made no efforts to explain why copies of the nearly 2,000 pages of defense exhibits were needed by plaintiffs' counsel. Thus, the Court will deny costs as to this $192.98 printing charge.

b. Exhibit Expenses

Plaintiffs' also seek reimbursement for various charges incurred on March 29, 2010 related to the preparation of exhibits for use at trial. The invoice includes charges for bates labeling as well as copies of five exhibits, charges for scanning to discs, a $632.00 charge for "light litigation" and a $1,576.75 charge for color copies. Presumably the latter two reflect copying charges, as plaintiffs explained that the invoice reflected charges for printing exhibits to be used at trial, as well as the required bates labeling.

Plaintiffs also explained that the invoice reflected charges for creating oversized exhibits that could not be adequately presented on an Elmo to a jury. The Court is satisfied by plaintiffs' explanation of costs that the copies were necessarily obtained for use at trial, as well as the labeling and oversized exhibits.[6] However, plaintiffs did not attempt to explain to the Court why the charges for copying to disc were necessary, rather than being merely for counsel's convenience, and the Court therefore finds that they have not satisfied their burden of persuasion as to these charges. The Court thus denies costs as to the following charges on the March 29th invoice: $126.40 for "scan to disc light" and $371.00 for "scan to disc-color."

c. DVD Copies

Plaintiffs also seek reimbursement for a $150 charge incurred in copying a DVD that plaintiffs intended to show to the jury at trial. Plaintiffs explained that the DVD was shown at the decedent's funeral, and that five copies were needed for the judge, jury and defense, pursuant to the pretrial order. Defendants object on the grounds that the case never went to trial, and therefore neither the original nor the duplicates were ever used. However, as previously explained, the parties settled at the final hour, and plaintiffs are

---

[6] Defendants object to the charges on the grounds that the case never went to trial and therefore the exhibits were never used. However, the Court is empowered to award plaintiffs' costs incurred for items reasonably necessary for use in the case, even though not used at trial. *Hutchings v. Kuebler*, 1999 WL 588214, at *1 (citing *Callicrate*, 139 F.3d at 1340)). Moreover, settlement occurred mere days before trial was set to begin, and it is therefore to be expected that plaintiffs would have already incurred considerable expenses in preparing exhibits for trial.

entitled to recover costs for materials reasonably necessary for use in the case, regardless of whether they were ultimately used at trial. *Hutchings v. Kuebler*, 1999 WL 588214, at *1 (citing *Callicrate*, 139 F.3d at 1340)) The Court is satisfied with plaintiffs' explanation of why the DVD copies were reasonably necessary for trial use. However, plaintiffs have not explained why five copies were necessary, and upon review of the pretrial order, the Court has discovered no basis for copying it so many times. The Court thus exercises its discretion and reduces the amount taxable for this expense from $150 to $90, as each DVD copy cost $30 according to the invoice.

3. Kansas Highway Patrol Records

Plaintiffs also seek to recover $267.10 for the costs of obtaining Kansas Highway Patrol records. Plaintiffs argue that these were reasonably necessary because they were used during depositions, and the depositions were to be used at trial. Defendants argue that these materials were obtained for investigatory purposes and also for the convenience of counsel. Given the nature of the action, the records contained information highly relevant to plaintiffs' case. Moreover, the Court is satisfied with plaintiffs' explanation that copies of the records were necessary for use during depositions. Thus, the Court rejects defendants' arguments that the copies were obtained for counsel's convenience or for purely investigatory purposes.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Retax Costs (docs. #135 and 139) is **granted in part and denied in part**, as set forth

herein.  The Court will not deny plaintiffs their costs entirely, but will reduce their costs to $8,849.94.

**IT IS SO ORDERED.**

Dated this 28th day of July, 2010, in Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge